# MEMORANDUM

OF A

# CASE NOT REPORTED IN FULL.

JOHN CRAIGHTON, Appellant, v. THE AGRICULTURAL INSURANCE COMPANY of Watertown New York, Respondent.

*Policy of fire insurance — proofs of loss — when the company cannot object to their service after the expiration of the tim ' fixed by the policy — what objections are waived by not being specified when the proofs are offered.*

Appeal from a judgment in favor of the defendant, entered upon a nonsuit directed at the circuit.

The action was brought to recover for loss by fire of property insured by the defendant. The plaintiff was nonsuited, the court holding that he had failed to make proof of loss to the company, as required by the policy, and had not been excused from so doing.

The plaintiff had procured a policy from defendant through Pond, their agent, to the amount of $300 on dwelling house and furniture and other things in Greenfield, about March third. There was added thereto, April second, forty dollars on potatoes and sixty dollars on cows, and the premium for the whole was then paid. A fire occurred Tuesday, April eighth, by which the property was destroyed. The next Monday, plaintiff went to Saratoga and notified Pond. Pond said he would notify the defendants and the adjuster would come. In about two weeks the adjuster, Dewey, came where the fire had been and talked with plaintiff and asked him to come to Saratoga next morning and put in proofs of loss; said he would be at the Arlington. Plaintiff went there about eight, inquired for the adjuster and learned that he had paid his bill and gone. He then called on Pond and stated these facts. Pond told him to go home and rest easy; that the adjuster would come and he would get his money; that if the adjuste. did not come he, Pond, would send plaintiff blanks for proofs of loss; told plaintiff not to go to a lawyer. Plain tiff returned and waited. The adjuster did not come nor the blanks.

Before May seventeenth, Pond wrote to Dewey of plaintiffs' having been to Saratoga, to which Dewey replied, and Pond informed plaintiff of the reply. Pond in that letter told plaintiff

that the affair had been taken out of his, Pond's, hands by the adjuster; that the adjuster had come to the conclusion that plaintiff was the incendiary and wanted Pond to have nothing more to do with the affair. To this plaintiff replied, May seventeenth, acknowledging receipt, and Pond wrote him the eighteenth that he had mailed the plaintiff's letter to the adjuster, and perhaps the adjuster would forward blank proofs of loss and perhaps would come again and see plaintiff. Plaintiff heard nothing more from Pond or the adjuster. On the seventeenth of August plaintiff sent proofs of loss to defendant, which they received the twentieth. They wrote to plaintiff's attorney that they could not accept these proofs, as the time for service of proofs had expired by limitation. On the trial the plaintiff asked to go to the jury on the question of waiver. This was refused. The time for serving proofs of loss was forty days after loss, viz., May eighteenth.

The court at General Term said: " The principal question must be whether anything done by the company before that time might justly have been inferred by the plaintiff to be a waiver of the limitation as to time, so that he was induced to delay till the time had gone by, because, when the proofs were afterwards sent, they were refused by the company. There was, therefore, no such acceptance by the company at a subsequent time, as would bring the case within the principal point decided in *Goodwin* v. *Mass. Mutual Life Insurance Company* (73 N. Y., 480).

" If we look at the facts in *Underwood* v. *Farmers J. S. Ins. Co.* (57 N.Y., 500), we shall find that those were not stronger in that plaintiff's favor than these of the present case are in favor of this plaintiff. It was there held that the question of waiver before expiration of the limited time was for the jury. If we compare the facts in the present case with those in *Bloosom* v. *Lycoming Fire Insurance Company* (64 N. Y., 162), cited by defendant on this point, we shall see several differences. In that case, the visit of the adjuster was not known to the plaintiff, and, therefore, could not have influenced his action. It was casual and without direction from defendant. The adjuster did not by act or declaration intimate that defendant was liable. There was no communication between plaintiff and defendant's agents till the actual service of proofs of loss. In all these particulars, the present case is directly contrary

to that. The plaintiff might have reason to believe, up to the time when he received the letter from the agent, just before May seventeenth, and even when he received that of May eighteenth, that the matter was under the consideration of the company. And the very day that the agent wrote that letter of May eighteenth was the last day to serve proofs of loss. Of course, on the appeal from a nonsuit, the plaintiff is entitled to all inferences which the jury might have drawn from the evidence. And we think that they might have found that the plaintiff delayed to serve his proofs of loss in a justifiable reliance on the expectation that the adjuster, who had failed to keep his appoinment at Saratoga, would come again or would send blanks through Pond. We think the plaintiff had a right to go to the jury on the question of waiver.

" The defendants take the further objection that the certificate of the magistrate or notary living nearest the place of the fire was not attached. The company refused to accept the proofs of loss because the time of service had expired. They made no other objection. In *Gilligan* v. *Commercial Fire Insurance Company* (27 N.Y. Sup. Ct. [20 Hun], 93; affirmed, 87 N. Y., 626), the defendants objected to the certificate. Plaintiff sent another, to which defendant also objected on the ground that the person signing was not the nearest to the place of fire.

" In the present case the defendant made no objection to the form of the proofs. Had they done so the plaintiff might have remedied the defect, as was attempted in the case last cited. Further, the proof given on the trial does not show what the residences were at the time of the fire or of signing the certificate. Lawton, who signed, was the nearest notary public, and the language of the policy is open to the construction that the certificate may be signed by the nearest notary or by the nearest magistrate.

" The judgment should be reversed, new trial granted, costs to abide event."

*William H. McCall*, for the appellant.

*A. H. Sawyer*, for the respondent.

Opinion by LEARNED, P. J.

Present — LEARNED, P. J., BOOKES and LANDON, JJ.

Judgment reversed, new trial granted, costs to abide event.